

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. LYNCH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-3254** |
| | : | |
| **ROSALYN K. ROBINSON, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

FILED

AUG - 8 2018

KATE BARKI.\* N, Cl<sup>-</sup>k
Dep. Clerk
<sub>By</sub> AUGUST 7, 2018

**JOYNER, J.**

*Pro se* Plaintiff John J. Lynch filed this civil action pursuant to 42 U.S.C. § 1983 against

Judge Rosalyn K. Robinson and the "Phila Court of Common Pleas 1st Judicial District of

Pennsylvania." (ECF No. 1.) He has also filed a Motion for Leave to Proceed *In Forma*

*Pauperis.* (ECF No. 3.) For the following reasons, the Court will grant Lynch leave to proceed

*in forma pauperis* and dismiss his Complaint.

## I. FACTS

In 2015, Lynch filed a civil suit in the Court of Common Pleas for Philadelphia against

Andrew L. Gittelmacher, Peter Smith, and Stewart Smith. (Compl. at 5, 13.)<sup>1</sup> The complaint

"was properly inspected[,] stamped, labeled, and scanned by court person[n]el in the

Prothontary's office . . . and the original and service copies were given back to [Lynch] for

service in hard copy form." (*Id.* at 5.) Lynch then forwarded the service copies to the

Philadelphia Sheriff's Office for service. (*Id.*) Service was made upon the defendants, and "the

return of service was filed with the Prothonotary's office." (*Id.* at 6.)

---

<sup>1</sup> The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

1

After twenty (20) days had passed, Lynch filed a "notice of praecipe to enter default judg[]ment to Gittelmacher." (*Id.*) Subsequently, after ten (10) days had passed, Lynch "went to the Prothonotary's office, and filed a copy of the . . . notice, an affidavit of non-military service, and a praecipe for the entry of defendant judg[]ment." (*Id.* at 7.) Before default judgment was entered, staff in the Prothonotary's office discovered that "the scanner had not scanned in all of the text of the complaint and directed [Lynch] to go get the original prepare a praecipe to scan[] in the missing, and return to scan it in before the court would enter the [d]efault [j]udg[]ment." (*Id.*) Lynch did so, "and court person[n]el did and judg[]ment was properly entered in the matter." (*Id.*) A writ of execution was then entered. (*Id.*)

Subsequently, the defendants "filed false and fraudulent petitions to open the judg[]ments entered that claimed no service." (*Id.*) According to Lynch, Judge Rosalyn K. Robinson "with complete and reckless indifference to the rights of [Lynch] . . . did wrongfully open said judg[]ment therefore violating . . . Lynch's [Fourteenth] Amendment right to equal protection." (*Id.* at 7-8.) Lynch claims that Robinson "attempted to justify her action by pointing to a [temporary] defect in the court's database where the scanner had not gotten the whole text of the complaint." (*Id.* at 8.) Lynch contends that this justification "is false" because the complaint was rescanned before default judgment was entered, therefore curing the defect. (*Id.* at 8-9.) Lynch appealed, and the Superior Court of Pennsylvania dismissed his appeal on August 3, 2017. (*Id.* at 14.) The Supreme Court of Pennsylvania denied his petition for allowance of appeal on March 27, 2018. (*Id.* at 14-15.)

As relief, Lynch requests that this Court "consider the matter and render a declaratory judg[]ment, on the issue of whether the entry of the default was supported by the record, and whether or not the opening of the judg[]ment was supported by the record." (*Id.* at 10.) He also

2

requests that this Court review a copy of his brief filed in the Superior Court of Pennsylvania "and decree whether or not the brief was understandable . . . , as well as the complaint, and issue affirmative relief." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Lynch leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Lynch is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Seeking Review of State Rulings

As noted above, Lynch requests that this Court render a declaratory judgment "on the issue of whether the entry of the default was supported by the record, and whether or not the opening of the judgment was supported by the record." (Compl. at 10.) He also asks for the Court to determine whether his brief and complaint "were understandable." (*Id.*) To the extent

---

[2] However, because Lynch is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(b).

3

that Lynch is seeking review of rulings entered by the state courts, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, to the extent Lynch seeks review and reversal of any state court judgments, this Court lacks jurisdiction over such claims.

## B.     Claims Pursuant to 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Lynch's Complaint fails to set forth a plausible claim for relief against any of the named Defendants.

First, the "Phila Court of Common Pleas 1st Judicial District of Pennsylvania" is not a "person" subject to liability under § 1983 and, in any event, is entitled to Eleventh Amendment immunity from Brown's claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Therefore, Lynch's claims against this entity are subject to dismissal with prejudice.

Lynch also brings suit against Judge Robinson because he is unhappy about her decision to open the judgment in his state civil case. Judges, however, are entitled to absolute immunity

4

from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Nothing in the Complaint suggests that Judge Robinson acted in the complete absence of jurisdiction; therefore, she is entitled to judicial immunity from Lynch's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lynch leave to proceed *in forma pauperis* and dismiss his Complaint. Lynch's claims seeking review of state court orders and judgments will be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. Lynch's claims brought pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. Lynch will not be permitted to file an amended complaint as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**J. CURTIS JOYNER, J.**

5